E-FILED
Monday, 06 July, 2009   10:06:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 96-10024 |
| ) | |
| HARRY M. HIBBETTS,  ) | |
| ) | |
| Defendant.  ) | |

## O R D E R

This matter is now before the Court on Defendant's Motion for Writ of Error Coram Nobis. For the reasons set forth below, the Motion is construed as a successive Motion to Vacate, Set Aside, or Correct Sentence, and is dismissed for lack of jurisdiction.

### Background

On February 6, 1998, Hibbetts entered a plea of guilty to Possession of Cocaine Base (Crack) with the Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and Possession of Firearms by a Felon in violation of 18 U.S.C. § 922(g). He was subsequently sentenced to concurrent terms of 140 months' imprisonment to be followed by 5 years of supervised release for the possession of cocaine and 120 months' imprisonment to be followed by 3 years of supervised release for the firearms charge. Although Hibbetts pled guilty, he reserved his right to make a limited appeal. His conviction and sentence were affirmed by the Seventh Circuit. See U.S. v. Hibbetts, 172 F.3d 54 (7th Cir. 1999) (unpublished decision).

On June 12, 2000, Hibbetts filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 alleging: (1) that he received ineffective

assistance of counsel, and (2) that the Indictment was constitutionally defective because it failed to allege drug weight. His Motion was denied on August 20, 2001.

Hibbetts attempted to take another bite at the apple in 2002. Although he styled his pleading as a Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b), a preliminary review of the motion revealed that he was actually attempting to bring another collateral attack on his 1998 conviction and sentence, and the styling of the pleading as a Rule 60(b) motion was a deliberate attempt to make an end run around the Seventh Circuit's gatekeeping function as set forth in § 2244(b)(3)(A)-(C). His filing was deemed an improper attempt to bring a successive and dismissed for lack of jurisdiction.

Hibbetts has now filed a Motion for Writ of Error Coram Nobis in which he again asserts collateral challenges to his conviction and sentence. This Order follows.

## Discussion

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to § 2255. Specifically, the Court of Appeals has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g. *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-

> Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Paragraph 1 of § 2255 provides that federal prisoners claiming the right to be released based on a sentence being imposed in violation of the Constitution or federal law, lack of jurisdiction, a sentence in excess of the maximum authorized by law, or based on other collateral attacks can file a motion in the court that imposed sentence to vacate, set aside, or correct the sentence. Hibbetts' Motion for Writ of Error Coram Nobis alleges that his sentence was in excess of the maximum authorized by law and that his sentence should be reduced. Such claims are well within the coverage of ¶1 of § 2255. Thus, under Melton, the present filing is actually a motion under § 2255, which the Court is required to dismiss for lack of jurisdiction because Hibbetts has not received permission from the Seventh Circuit to commence a second or successive collateral attack.

## Conclusion

For the foregoing reasons, Hibbetts' Petition for Writ of Error Coram Nobis [#95] is construed as an improper attempt to bring a successive motion pursuant to § 2255 and DISMISSED FOR LACK OF JURISDICTION.

ENTERED this 6th day of July, 2009.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge